NORTH CAROLINA           IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
GUILFORD COUNTY                 17 CVS 4436

| | |
|---|---|
| DWAYNE E. MUHAMMAD, ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | COMPLAINT |
| ) | |
| LABORATORY CORPORATION ) | |
| OF AMERICA, ) | |
| Defendant. ) | |

Plaintiff, complaining of defendant, alleges and says:

1. Plaintiff is a citizen and resident of Burlington, Alamance County, North Carolina.

2. Defendant is a corporation organized and existing under the laws of the state of North Carolina, with places of business throughout North Carolina, including Greensboro, Guilford County, North Carolina.

3. Plaintiff is an employee of defendant, having been continuously employed by defendant since October 8, 2007. Plaintiff at all times material hereto has been a senior technologist.

4. Plaintiff is an African-American.

5. Defendant's managers and supervisors, who took adverse employment action against him, all were Caucasian.

6. Defendant's managers and supervisors at all times material hereto acted within the course and scope of their agency and authority as employees of defendant.

7. On May 6, 2015, plaintiff received a written reprimand from his manager, Donna Vestal, falsely claiming that he had committed insubordination by refusing to make new controls for a test, when in truth and in fact he had made those controls in a timely manner, and falsely claiming that he harassed another employee by posting a note on the refrigerator, when in truth and in fact the note simply truthfully stated that plaintiff had done a good job on a certain project, without naming or suggesting a comparison or any other unfavorable information regarding another employee.

8. On January 26, 2016, plaintiff received an oral warning from his supervisor Michelle Crockett falsely stating that he had allowed supplies to run out for a modulation test, when in truth and in fact the job of keeping inventory and suggesting reordering of supplies was assigned to a person other than plaintiff on another shift, and this person in fact had given the inventory sheet to the same supervisor, who herself failed to order the supplies after receiving the inventory sheet, and then falsely accusing plaintiff of being involved in the matter.

9. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on June 5, 2015, complaining about the false written reprimand of May 6, 2015, as provided in 42 U.S.C. § 2000e-5(b)(e).

10. Plaintiff became eligible for a pay raise in July, 2015, which would have provided him with additional pay of about $1,000 per year; and consistent with past practice and experience, as well as with defendant's actions relating to other employees, who had not made charges of discrimination, the pay raise should have been granted.

11. In a meeting on May 6, 2015, among plaintiff, Donna Vestal, and defendant's director Dr. Mindy Nie, Ms. Vestal stated to plaintiff that his job was not to be logical or to analyze, but "your job is to obey", which she said in a very loud voice.

12. There were many non-African-American employees in plaintiff's department and workforce. None of these employees was ever falsely charge or ever received written reprimands or oral warnings on the basis of false charges.

13. At all times material hereto defendant has had more than 15, and more than 500, employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## FIRST CAUSE OF ACTION
## FOR RACE DISCRIMINATION
## IN EMPLOYMENT

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

15. Defendant's conduct giving plaintiff the false written reprimand on May 6, 2015, and denying plaintiff the pay raise in July, 2015, consisted of intentional acts of discrimination, motivated by plaintiff's race, in violation of 42 U.S.C. § 2000e-2(a) (as well with respect to the denial of pay raise, motivated in part by defendant's intent to retaliate against plaintiff for having filed a charge of discrimination).

16. Defendant's conduct described above to the false oral warning on January 26, 2016, consists of intentional act of discrimination, motivated in part by plaintiff's race (as well as in part by defendant's intent to retaliate against plaintiff for having filed a charge of discrimination). This conduct by defendant violates 42 U.S.C. § 2000e-2(a).

17. Plaintiff was notified by the Equal Employment Opportunity Commission by letter dated January 30, 2017, of his right to file suit against defendant within 90 days after receipt of that notification, concerning the charge of discrimination dated June 5, 2015, in accordance with 42 U.S.C. § 2000e-5(f).

18. Plaintiff has been directly and proximately damaged by defendant's wrongful conduct, including loss of pay and benefits, emotional pain and suffering, mental anguish, inconvenience, and injury to reputation.

19. Because defendant engaged in the discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendant is liable for punitive damages.

20. Plaintiff is suffering continuing irreparable harm by being deprived of the pay increase that he should have received, and by being subject to continuing racial discrimination by defendant; and plaintiff is entitled to an injunctive order requiring payment of the pay that is due, or alternatively, front pay, and an injunctive order against continuing racial discrimination.

### SECOND CAUSE OF ACTION
### FOR RETALIATORY DISCRIMINATION
### IN EMPLOYMENT

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, and incorporates the same by reference herein as if again fully set forth.

22. Defendant's acts concerning false oral warning given on January 26, 2016, and denying him a pay raise in July, 2015, were motivated in part by plaintiff's having pursued his previous charge of race discrimination against defendant, by opposing an unlawful employment practice and making a charge of discrimination,

and assisting and participating in the investigation of the charge of discrimination, in violation of 42 U.S.C. § 2000e-3(a).

23. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on June 24, 2016, complaining of the foregoing discrimination on the basis of retaliation, as required by 42 U.S.C. § 2000e-5(b)(e).

24. Plaintiff was notified by the Equal Employment Opportunity Commission by letter of March 13, 2017, of his right to file suit against defendant within 90 days after receipt of that notification, in accordance with 42 U.S.C. § 2000e-5(f).

25. Plaintiff has been directly and proximately damaged by defendant's wrongful conduct, including emotional pain and suffering, mental anguish, inconvenience, and injury to reputation.

26. Because defendant engaged in discriminatory conduct with malice and reckless indifference to the protected rights of plaintiff, defendant is liable for punitive damages.

27. Plaintiff is suffering continuing irreparable harm by being subject to discrimination and retaliation by defendant, and is entitled to an injunctive order against further discrimination and retaliation.

WHEREFORE, plaintiff prays that he have and recover his damages of defendant, incurred and to be incurred; that plaintiff's judgment bear such interest as is provided by law; that plaintiff be paid the pay raise he is due, and that he be granted injunctive relief for future payment of the pay raise, or alternatively that he recover front pay of defendant, that defendant be enjoined against further discrimination against plaintiff on the basis of race or by means of retaliation; that the costs of this action be taxed against defendant; that plaintiff recover his attorneys' fees and expenses of litigation of defendant pursuant to 42 U.S.C. § 1988; that all issues of fact be tried by jury; and that plaintiff have such other and further relief as to the court may seem just and proper.

_____
Attorney for Plaintiff
Norman B. Smith
NC State Bar No. 4962
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel:  (336) 274-2992
Fax:  (336) 274-8490
Email: normanbsmith@earthlink.net